FILED

09 SEP 14 PM 2:52

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

MARKEL INTERNATIONAL
INSURANCE COMPANY, LTD.,

      Plaintiffs,

v.

VILLA ELISA CORP., d/b/a CHITO RESTAURANT,
CHITO RESTAURANT, INC,
FELIX SANCHEZ, as Personal Representative
of the ESTATE OF DANIEL AYALA, and
EDGARDO AYALA,

      Defendants.
_____/

CASE NO.:

6:09-CV1575-ORL 18KRS

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, MARKEL INTERNATIONAL INSURANCE COMPANY, LTD. ("MARKEL"), and hereby files this Complaint for Declaratory Judgment, and alleges as follows:

### Parties, Jurisdiction, Applicable Law and Venue

1. This is an action for declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, and Chapter 86 of the Florida Statutes.

2. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391.

3. MARKEL is a corporation organized and existing under the laws of

England, United Kingdom, with its principal place of business in London, England, making MARKEL a citizen of England, United Kingdom, for purposes of diversity jurisdiction.

4. At all times material to this action, MARKEL was authorized to transact business within the State of Florida and submits itself to the jurisdiction and venue of this Court.

5. Defendant VILLA ELISA CORP. d/b/a CHITO RESTAURANT ("VILLA ELISA") is a dissolved Florida corporation previously doing business within Orange County, Florida. Defendant is subject to the jurisdiction and venue of this Court.

6. Defendant CHITO RESTAURANT, INC. ("CHITO RESTAURANT") is a dissolved Florida corporation previously doing business within Orange County, Florida. Defendant is subject to the jurisdiction and venue of this Court.

7. Defendant FELIX SANCHEZ is the duly appointed Personal Representative of the ESTATE OF DANIEL AYALA and is a resident of Orange County, Florida and is a citizen of Florida. Defendant is subject to the jurisdiction and venue of this Court.

8. Defendant EDGARDO AYALA is an individual domiciled in Orange County, Florida and is a citizen of Florida. Defendant is subject to the jurisdiction and venue of this Court.

9. The Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332(a) because it is a civil action in which the matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. The issues in controversy in this action should be determined under the laws of Florida because the parties to the insurance contract, MARKEL and CHITO RESTAURANT, entered into it in Florida.

### General Allegations

11. MARKEL issued a commercial general liability policy, policy number MJK100081031 (the "Policy"), to Defendant VILLA ELISA with effective dates of coverage from February 15, 2008 to February 15, 2009. The Policy is attached as EXHIBIT A.

12. On August 12, 2008, Defendants FELIX SANCHEZ and EDGARDO AYALA filed a lawsuit against Defendant CHITO RESTAURANT in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number 08-CA-20279 ("Underlying Lawsuit"). The Complaint in the Underlying Lawsuit is attached as EXHIBIT B.

13. In the Underlying Lawsuit, Defendants allege that on or about May 4, 2008 DANIEL AYALA and EDGARDO AYALA were patrons of CHITO RESTAURANT.

14. The Underlying Lawsuit alleges that DANIEL AYALA "was shot and killed, without provocation or legal cause, as a result of the violent criminal acts of third parties" while he was a patron of Defendant CHITO RESTAURANT. *See* EXHIBIT B at ¶ 9.

3

15. The Underlying Lawsuit alleges that Defendant EDGARDO AYALA was "assaulted on the restaurant premises." See EXHIBIT B at ¶ 10.

16. The Underlying Lawsuit further alleges that CHITO RESTAURANT "had a duty to forestall reasonably foreseeable attacks on patrons by third parties by providing adequate security to patrons, keeping the premises in a reasonably safe condition, and warning persons on the premises of dangerous conditions of which it had actual or constructive knowledge." See EXHIBIT B at ¶ 12.

17. The Underlying Lawsuit alleges that Defendant CHITO RESTAURANT was negligent in that it breached its duty to provide adequate security and, as a result, DANIEL AYALA suffered fatal injuries and EDGARGO AYALA suffered injuries. See EXHIBIT B at ¶¶ 14, 15.

18. In a letter dated October 7, 2008, an attorney for EDGARDO AYALA and FELIX SANCHEZ, as Personal Representative of the Estate of DANIEL AYALA, demanded the policy limits from MARKEL.

19. Plaintiff MARKEL first learned of these claims and the Underlying Lawsuit upon receiving a letter dated October 7, 2008 from the claimants' attorney.

20. The insured did not notify MARKEL of the claims, nor did it forward the lawsuit to MARKEL.

21. CHITO RESTAURANT retained its own defense counsel who responded to the complaint.

22. Within thirty (30) days of learning of the Underlying Lawsuit, Plaintiff

4

MARKEL sent a reservation of rights letter on October 23, 2009, via certified mail, to the insured, asserting lack of notice, applicable policy exclusions, and appointing mutually agreeable independent counsel to defend CHITO RESTAURANT under a reservation of rights. MARKEL's Reservation of rights letter dated October 23, 2008 and copy of certified mail return receipt attached as EXHIBIT C.

23.    Plaintiff MARKEL has complied with the requirements of Florida's Claims Administration Statute in preserving its lack of notice or late notice coverage defense.

24.    The Policy has the following relevant language:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

****

**SECTION IV – COMMERCIAL GENERAL LIABILITY**

5

**CONDITIONS**

***

2.  **Duties In The Event of Occurrence, Offense, Claim Or Suit**

    a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.  If a claim is made or "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received; and

        (2) Notify us as soon as practicable

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.  You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

6

   (2) Authorize us to obtain records and other information;

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

 a. An arbitration proceeding in which such damages are claimed and to which the

7

        insured must submit to does submit with our consent; or

    b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*\*\*

### MKL 01 Endorsement

    g)    **Assault and/or Battery Exclusion**

The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons, or other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement, or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.

\*\*\*

    z)    **Exclusion Firearms**

This insurance does not apply to "bodily injury", "property damage", "personal injury" or medical payments arising out of the ownership, rental, maintenance, use or misuse of any firearms.

    aa)    **Duty to defend**

Where there is no coverage under this policy, there is no duty to defend.

8

\*\*\*

25. The insured did not comply with the notice provisions in the Policy.

26. Plaintiff Markel has been prejudiced by the insured's failure to notify it of the claims and/or lawsuit.

27. Even without regard to the effect of the insured's failure to provide Plaintiff MARKEL notice of the claims and/or lawsuit, the Policy does not cover the liability claims asserted against Defendant CHITO RESTAURANT.

28. The policy does not cover claims for the alleged fatal injuries Defendant DANIEL AYALA sustained after he was "shot."

29. The Policy specifically excludes coverage for "bodily injury" arising out of assault and/or battery.

30. The Policy also specifically excludes coverage for "bodily injury" arising out of the use or misuse of any firearm.

31. The Policy does not cover claims for the alleged bodily injuries of Defendant EDGARGO AYALA because he was "assaulted."

32. The Policy specifically excludes coverage for "bodily injury" arising out of assault and/or battery.

33. The Underlying Lawsuit alleges negligence against Defendant CHITO RESTAURANT in failing to provide adequate security.

34. The Policy's assault and/or battery exclusion precludes coverage "arising out of any act or omission in connection with the prevention or suppression of such

acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons, or other person."

35. The Policy's assault and/or battery exclusion also precludes coverage with respect to "any charges or allegations of negligent hiring, training, placement, or supervision."

36. Under the Policy, where there is no coverage, there is no duty to defend.

### Declaratory Judgment

37. MARKEL re-alleges paragraphs 1 through 35 above as if fully set forth herein.

38. There exists a bona fide, actual, present and practical need for a legal determination by this Court of the duties, rights and obligations, if any, of Plaintiff MARKEL with regard to the alleged incident at CHITO RESTAURANT on May 4, 2008.

39. MARKEL and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

40. The rights and obligations of Plaintiff MARKEL are dependent upon the facts referenced herein and the law applicable to such facts.

41. All conditions precedent to the maintenance of this action have been complied with, have occurred, or otherwise have been waived.

42. All parties who do or may claim an interest in the subject matter hereof have been joined herein as parties.

43. Plaintiff MARKEL is in doubt about its rights, status, powers, privileges

and/or obligations.

44. Plaintiff MARKEL contends that no liability coverage exists for the claims of Defendants arising out of the incidents at CHITO RESTAURANT on or about May 4, 2008.

45. Plaintiff MARKEL has no duty to defend CHITO RESTAURANT in the Underlying Lawsuit regarding the alleged incidents that occurred on or about May 4, 2008.

46. Plaintiff MARKEL has no duty to indemnify CHITO RESTAURANT for any damages arising out of the alleged incidents that occurred on or about May 4, 2008.

47. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201 and Chapter 86 of the Florida Statutes, MARKEL is entitled to a declaration that there is no liability insurance coverage available for any claims arising out of the incident at CHITO RESTAURANT on or about May 4, 2008.

WHEREFORE, MARKEL requests entry of final judgment in its favor as against Defendants, declaring that there is no liability insurance coverage available for any claims arising out of the alleged incidents at CHITO RESTAURANT on or about May 4, 2008, for costs of this action, and for such other and further relief to which MARKEL is entitled.

DATED: September 10, 2009.

                        */s/ Kimberly M. Gorak*

R. STEVEN RAWLS, ESQ.
Florida Bar No.: 0938254
KIMBERLY GORAK, ESQ.
Florida Bar No.: 0044033
Attorneys for Plaintiff
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:  (813) 281-0900
Email: rrawls@butlerpappas.com
kgorak@butlerpappas.com